IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA**

    **vs.**                                        Criminal Action 2:18-cr-176(1)
                                                          JUDGE JAMES L. GRAHAM

**ELIAKIM BEN ISRAEL TURNBOW**

## REPORT AND RECOMMENDATION

    Defendant Eliakim Ben Israel Turnbow previously pleaded not guilty to a charge of distribution and possession with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. § 841. *Indictment*, ECF No. 3.[1] The United States of America and defendant thereafter entered into a *Plea Agreement*[2] whereby defendant agreed to enter a plea of guilty to that charge. On January 9, 2019, defendant, accompanied by his counsel, appeared for a change of plea proceeding. Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj*, 2001 WL 1587410 at *1 (6th Cir. 2001)(Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed).

    During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time he entered his guilty plea, defendant was in full possession of

---

[1] The *Indictment* includes a forfeiture count by which the government seeks to forfeit any interest that defendant may have in $3,034.34 and 4 cell phones, which are alleged to be proceeds of the charged offense. *Indictment*.
[2] The *Plea Agreement*, ECF No. 23, was signed by defendant (albeit lightly) and was executed pursuant to the provisions of Fed. R. Crim. P. 11(c)(1)(C). The *Plea Agreement* includes an appellate waiver provision. Under the *Plea Agreement*, defendant also agrees to forfeit any interest that he may have in 4 cell phones and "$1,134.34." The United States explained at the change of plea proceeding that this amount reflects the currency seized, reduced by "sting money" included in the seizure, as to which the governments contends that defendant has no cognizable property interest.

his faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics or alcohol.

Prior to accepting defendant's plea, the undersigned addressed defendant personally and in open court and determined his competence to plead. Based on the observations of the undersigned, defendant understands the nature and meaning of the charge in the *Indictment* and the consequences of his plea of guilty to that charge. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's plea is voluntary. Defendant acknowledged that the plea agreement signed by him,[3] his attorney and the attorney for the United States and filed on November 20, 2018, represents the only promises made by anyone regarding the charge in the *Indictment*. Defendant was advised that the District Judge may accept or reject the plea agreement. Defendant was further advised that, if the Court refuses to accept the plea agreement, defendant will have the opportunity to withdraw his guilty plea but that, if he does not withdraw his guilty plea, the District Judge may impose a sentence that is more severe than the sentence contemplated in the plea agreement, up to the statutory maximum.

Defendant confirmed the accuracy of the statement of facts supporting the charge, which is attached to the *Plea Agreement*. He confirmed that he is pleading guilty to Count 1 of the *Indictment* because he is in fact guilty of that offense. The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant's plea of guilty to Count 1 of the *Indictment* is knowingly and voluntarily made with understanding of the nature and meaning of the charge and of the consequences of the plea.

---

[3] Defendant's signature is very light. Defendant acknowledged at the change of plea proceedings, however, that he in fact signed the *Plea Agreement* and the attached statement of facts.

It is therefore **RECOMMENDED** that defendant's guilty plea to Count 1 of the *Indictment* be accepted. Decision on acceptance or rejection of the plea agreement was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* See *Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

January 9, 2019                                          *s/ Norah McCann King*
  Date                                                                 Norah M<sup>c</sup>Cann King
                                                              United States Magistrate Judge